## OHIO SUPREME COURT—Continued

No. 19039—The State, ex rel. F. E. Cherrington, Prosecuting Attorney of Gallia County, Ohio, v. John C. Hutsinpiller. In Quo Warranto.

801.   MUNICIPAL LAW—Councils cannot create courts and appoint judges therefor.

DAY, J.

The municipalities of this state have no power, by charter or otherwise, to create courts and appoint judges thereof, such exercise of power being in violation of Section 1, and Section 10, Article IV. of the Constitution of Ohio.

Judgment of ouster.

Marshall, C. J., Jones, Matthias, Allen and Robinson, JJ., concur.   Kinkate, J., not participating.

such ordinance must be pleaded and upon trial its existence at the time of the injury must be proved.

Judgment reversed.

Marshall, C. J., Jones, Day, Allen and Robinson, JJ., concur.   Kinkade, J., not participating.

### U. S. COURT OF APPEALS

(Continued from Page 277)

4.   This construction gives full effect to will and would leave no part thereof undisposed of.

Judgment of lower court reversed and petition dismissed.

Attorneys—Carl F. Shuler for City; Day & Day and Donald W. Kling for Heath; all of Cleveland.

### No. 435

### KINSMAN NAT'L. BANK v. JERKO

Ohio Appeals, 7th Dist., Trumbull Co.

Decided March 2, 1925

Judge Sullivan of 8th Dist. sitting by designation.

Reprinted from last week on account of omission.

For OS. Pending Case see 3 Abs. 250.

677.   JUDGMENT—Invalid for want of jurisdiction, and being void, is ground for vacating it at any time before or after term in which it was rendered.

FARR, J.

The action was instituted by John Jerko in the Trumbull Common Pleas to vacate a judgment held by the Kinsman National Bank by reason of a warrant of attorney which was annexed to a note coming into the hands of the bank.   The Common Pleas granted the motion to vacate the judgment.   Error was prosecuted and in affirming the decision of the lower court, the Court of Appeals held:

1.   The judgment upon warrant of attorney, which was executed, in Pennsylvania, is void, for want of jurisdiction.   Spence v. Emerine, 46 OS. 433.

## PUBLISHER'S COLUMN

# The Ohio Law Abstract

Entered as second class matter, February 28, 1923, at the Post Office, Cleveland, Ohio, under the Act of March 3, 1879

Issued Every Wednesday          50 Weeks of the Year

### SUBSCRIPTION PRICES AND TERMS

One year (50 issues) Payable in Advance........$15.00
Single Numbers .................................   .35

When cash is mailed to us in advance
20 per cent discount

Address all communications to

**THE LAW ABSTRACT COMPANY**

13916 Euclid Avenue, Cleveland, O.

P. O. Box 55, East Cleveland Sta.

### NEW ADDRESS

The business address of the Ohio Law Abstract is now 13916 Euclid Avenue, Cleveland, it having recently removed to this location in order to get larger and more suitable quarters for the Abstract.   We now have a very agreeable location and plenty of office room, and visits from our subscribers will be welcome. We shall be out of service until the Telephone Company gets our phone removed, much to our regret.   But it is one of the vicissitudes those who move to a new location have to put up with, and all we can do is to patiently sit by until our place is reached on its waiting list.   It will be a week, possibly more, before we can be communicated with by this service, but telegrams and letters to our mail address, Box 55, Ea. Cleveland Station, will reach us as heretofore.

2.   Court may at any time vacate or set aside a judgment which is void.

3.   Invalidity of judgment for want of jurisdiction, renders the judgment void as distinguished from merely voidable; is ground for vacating it, at any time before or after expiration of the term at which it was rendered.   Darst v. Phillips, 41 OS. 514.

4.   Jerko's motion to set aside the judgment was proper as a matter of procedure and was his remedy at common law.

Attorneys—G. H. Birrell for Bank; Filius & Fillius for Jerko; all of Warren.

## THIS WEEK'S DIGEST
### Cases Published in the Abstract

**Will be Published in Next Week's Current Digest**